## MILLER v. WHITE.

*Complaint — not containing cause of action will not be dismissed when answer supplies deficiencies.*

Where the complaint did not state facts sufficient to constitute a cause of action, but the answer supplied the deficiencies, *held,* that a dismissal of the complaint, by reason of its failure to state a cause of action, was erroneous.

APPEAL by plaintiff from an order at the Kings special term dismissing the complaint.

The action was brought by George W. Miller against John P. White and others, to recover upon the indebtedness of a corporation, of which defendants were trustees.  A trial was had at the Kings circuit, which resulted in a nonsuit.  The judgment thereupon was reversed and a new trial ordered at the general term. The decision of reversal is reported, 57 Barb. 504.  Upon the new trial a judgment was recovered by plaintiff, which was affirmed at the general term.  The decision on this occasion is reported, 59 Barb. 439.  The Court of Appeals reversed the decision of the general term and directed a new trial.  See 50 N. Y. 137.

After this, defendants made a motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.  The motion was granted as above stated, at the Kings special term.  From the order thereon an appeal was taken

Miller v. White.

to the general term of the second department, .where an argument was had.

One of the justices sitting at the term when the argument took place was disqualified, and the two justices who heard the same did not agree ; thereupon, a re-argument was ordered to be heard in the first department.

*L. A. Fuller* and *Robert Sewell,* for appellant.

*H. Sheldon,* for respondents. The objection that the complaint does not state enough facts is available at any stage of the case. Code, § 148 ; *Gould* v. *Glass,* 19 Barb. 185; *Burnham* v. *De Bevorse,* 8 How. 160. The complaint must stand by itself, and cannot be aided by allegations in the answer. *Ayres* v. *Covill,* 18 Barb. 260; *Swift* v. *Kingsley,* 24 id. 541; *T. & R. R. R. Co.* v. *Kerr,* 17 id. 581.

Present— DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The action was brought against the defendants as trustees of the Gutta Percha Manufacturing Company, a corporation created under the laws of this State for the formation of corporations for manufacturing, mining, mechanical and chemical purposes. They were prosecuted under the provisions of the statute rendering the trustees of those corporations liable personally for debts owing for failing to make, publish and file their report. Laws 1848, chap. 40, § 12.

The complaint seems to have been sufficient in all respects except that relating to the plaintiff's demand. As to that, it was framed on the mistaken theory that the recovery of a judgment against the corporation was necessary before an action could be maintained against the trustees ; and for that reason the usual allegations describing the demands sued for were probably omitted. Both parties appear to have been involved in the same mistake as to the necessity of a preceding recovery against the corporation; and the defendant, therefore, fully answered the defective complaint, and in doing so described what the plaintiff had omitted to state — the consideration out of which the demand was supposed to have arisen. Upon the issue so framed, the action was tried and determined in favor of the plaintiff, and a new trial ordered on the reversal of the judgment by the Court of Appeals. After so much litigation in

Miller v. White.

the case, there can be no reason for believing that the defendants can be misled as to the nature or description of the claim made against them. Their protection, therefore, does not require a dismissal of the complaint at the present stage of the proceeding.

The plaintiff averred that the company was indebted unto him, on the 1st of June, 1865; and then stated that he recovered a judgment against the company on the debt, on the 27th of June, 1866, for the sum of $24,734.62, which remained wholly unpaid. This, though not a direct, was an argumentative allegation that the plaintiff had such a demand against the company on the 1st of June, 1865. Standing by itself, the cause of action was not, probably, sufficiently stated to be good as against a demurrer. But the defendants, by their answer, alleged that the judgment was founded upon a claim for work, labor and services done and performed by the plaintiff in procuring contracts for supplies from the government of the United States; and then proceeded to disclose facts rendering the contract void as against public policy. The averment that the pretended debt accrued for work and labor performed by the plaintiff supplied the substantial defect existing in the complaint, and, together with the defenses presented against its recovery, presented substantial issues of fact for trial in the action. The answer and the complaint together sufficiently presented the plaintiff's case to show what his cause of action was, and if the contract shall not be shown by the defendants to be void as against public policy, or for some other valid reason, all that will be required to justify a recovery appears by the pleadings.

The defect in the complaint was cured by the answer. Both taken together showed that the plaintiff claimed to have a debt against the company for the amount mentioned, and the answer stated it to be for labor and services performed by him. These facts, with those showing the defendants to have been at the time trustees, who failed to make the report required from them by the statute, constituted a cause of action against them.

The order dismissing the complaint was wrong, and it should be reversed, with $10 costs, besides disbursements.

DAVIS, P. J. I concur for reversal for the reasons stated by brother DANIELS, and also on the ground that the practice adopted in moving to dismiss the complaint was altogether irregular.

*Order reversed.*